Good morning, Your Honors. My name is Keith Ruttman. I'm here by appointment to the District Court on behalf of Appellant Roberto Miranda-Lopez. It's my intention this morning, after I hope to persuade you that the matter was not waived and that in particular Rule 50 of the Federal Rules of Civil Procedure does not apply here, that the clear, plain language and legislative history of Section 1028A of Title 18 requires the government to prove that the defendant knew the person he was imitating was an actual person, that there was no such evidence in this case despite a statute that was ambiguous at best, and that therefore the 24-month sentence on Count 3 should be vacated. And further, that if it becomes relevant, the failure of the Court to instruct on that particular knowledge requirement was not harmless error because, in fact, there was no such evidence. In terms of the waiver of ---- Why do you say there was no such evidence? Well, there was a stipulation. Well, there was a stipulation that it was a valid ID. Correct. But there was also evidence that there was another person's picture on it. There was evidence that there was a person's fingerprint on it. There was no evidence that it looked doctored or fake. I mean, why couldn't a jury infer, you know, looking at it in the light most favorable to upholding the verdict, why couldn't a jury infer that any bumpkin would know that this was a real ID? Well, Your Honor, the district court respectfully determined to the contrary, I think, on page 5 of the rule. But where am I wrong in my assessment of the facts? Well, I don't think that's proof that the picture matches the fingerprint. And furthermore, the defendant testified that he never even saw that ID. So the issue of his knowledge that it even existed was a case of dispute. Well, that's his story. That's his story. There was evidence. The jury pretty much contradicts that, doesn't it, counsel? If he says he never saw the ID, then even under the government's theory of this statute, your client's office, the jury, believes that. But they evidently don't believe him. They believe the Border Patrol's story as to what happened. The real question, then, is what did your client have to know? He had to know that the picture of the person in the photograph and the fingerprint all matched a same real person. It could have been anybody's fingerprint. It could have been, I mean, identity theft. Well, he didn't really have to know that. I mean, he didn't have to know. I mean, I gather in terms of the statute, if you read it the way you want to read it, it doesn't have to be a good ID of another person. It just has to be an ID of another person. So if the fingerprint and the picture didn't match, it would still be an ID of another person. It's an ID of somebody, but that's not what the statute is directed to address. That may be, have supported a conviction under 1546. No, no. It just has to be a real person. My understanding, if, for example, you had a – I gather if you had a passport and you used a real passport of a real person but stuck somebody else's photo on it, it would still be using – it would still be identity theft using somebody else's ID. If you knew it was a real person and not a made-up Social Security number. Exactly. But all I'm pointing out is that I just think there's a detail that doesn't make sense to me, which is that it has to be good ID of a real person as opposed to just ID of a real person. Well, I think some of the cases that talk about that say specifically that it has to be an actual person, living or dead, and not an amalgam of a picture and a print and a name. You can put them all together and create a fake identity, which is one type of identity theft, but it's not stealing someone's identity as much. But here, I mean, in terms of the question that's being asked, how – the district judge certainly thought the evidence wasn't adequate. And was there any evidence about whether the ID looked doctored or didn't look doctored or anything like that? I believe, as Justice Bybee pointed out, there was testimony by the agent that when he looked at it, it looked valid to him, but he certainly was not an expert by any means. But they're trained. They're trained in this. I think that testimony was brought out at trial, that they are trained to identify fake documents and that in his opinion, it did appear to be a valid document. Well, in the sense that when he looked at it, it had all the right information on it in the right places. It just wasn't a made-up ID that didn't have the requisite pieces of information where they should have been, and it had the laminate and everything like that. The proper seal was in the right place. I think that's what he said, too. It didn't look doctored means like he didn't rub it and the ink started to come off in his hands because it had just been printed as something else. Once you've stipulated with the government that the ID is of a real person, okay, what's lacking here? That the defendant actually knew it was of a real person. In this case, as I addressed in my reply brief, there's a difference between we'll agree that you can prove that's an actual person is a stipulation of fact to prevent the government from going to the trouble to call a records custodian or the actual person from coming to court and saying that's me versus the defendant knew it was a real person. And I thought about this. I wanted to come up with a hypothetical that might illustrate the point, and it was difficult for me to come up with one. But what if, in this particular instance, this case is going to come up frequently with many uneducated migrant workers who come here simply to work. What if they're given an ID with a name that's so outlandish that they think there's no possible way it could be a real person, and it turns out to be one? They don't know it's a real person, and do they take that risk, like the D.C. District Court said they should take the risk that it's a real person? I think this statute is designed to go after the people, like the legislative history says, who go, as they say, dumpster diving, or go to work and troll through their computer databases and looking for identities of people or hacking. Why isn't Congress also interested in punishing those who were purchased from such people? If you cut off the purchasers, if you cut off the folks who are engaged in using and purchasing such things, why hasn't that why haven't we helped cure the aggravated The supply side has to go after the demand side of it. Well, Congress could do that, but it's our contention that when they pass this statute, that's not what they intended to do. They intended to have to go to the marketers of these things, the people who actually steal the identities, which, and as we pointed out in a brief, stealing, the common law term of stealing requires knowledge that the property belongs to another, and Congress didn't specifically define theft otherwise in the statute anywhere. So I think that's what Congress was addressing, and they could very well decide they want to do that. They could have amended Section 1546 to say if you're convicted of a 1326 and you have an identity card on your person, you're going to get another two years mandatory consecutive. That would have easily addressed the most common way that this problem could have occurred, but they chose not to do that. They chose to tackle a specific widespread problem that affects millions of Americans and people all over the world, frankly, and is costing, I wouldn't hesitate to say billions of dollars of an impact on our economy. But I would like to address the waiver issue because the Court did specifically address me to do that. Three Rule 29 motions were made in this case. At the close of the government's evidence, the most general type of Rule 29 motion, we move on to Rule 129. The government has improved its elements. Under circuit law, that's sufficient. That's all that's required to be done is a very general statement invoking Rule 29. At the close of all the evidence, another Rule 29 motion was made. Again, it was very general. I renew my Rule 29 motion. But isn't this kind of a silly exercise in this case? Because the judge knew about this problem, and he ruled on it in his own head. He says three times, even if you didn't raise it, ordinarily the point of a waiver is whether or not the judge has a chance to rule. And he did. Not only did he have a chance to rule, he did rule. He said he did. Right. Here's what happened. The second time the Rule 29 motion was made, he said, I'm going to reserve on that, and they addressed the jury note, and then he came back. And he said, he said, I want briefing on this. That's the first thing he said, is I want briefing on this. And he started to talk about it, but he further reserved it again. So trial counsel, I think, was entitled to think and respond, well, the judge wants to hear briefing on this, and then the judge moves along and rules on it and says he waived it before he even had an actual chance to brief it, as the district court presumably directed him to do. And that's a situation not unlike the court addressed in the Baxley case, which is the site to that is 982 F. 2nd 1265, where the district court kind of got ahead of defense counsel, and at that point the court, this Court ruled that, well, maybe the trial counsel didn't want to raise the judge's ire by pressing the point. I know Judge Lorenz is not that type of judge, but the point here is that three rule motion was made, the district court addressed the specifics, and then a specific motion was made after trial. And I think the reason that that's important is because of the Rule 50 inquiry that was directed to me. Rule 50 specifically says in its language that you have to specify the law and grounds. And if you don't make the motion at the close of the plaintiff's case, you've waived it. And Rule 29 has no such obligation. And the reason that there's a difference is, I think, grounded in the role of defense counsel in a criminal trial, which I think Justice Wright's concurrence in United States v. Wade is the best example of that. It's not a true adversary system. It's a modified adversary system where defense counsel doesn't have to do anything. And I'm sorry. Go ahead. Let me tell you how I've tentatively noodled this out, and you can tell me where I've missed the boat. Okay. I think you're basically right that the statute requires that they prove that the defendant knew it belonged to somebody else. If you're right about that, the main problem here was a jury instruction problem. The judge should have told the jury this is an element, but he didn't tell the jury that was an element. The answer to that is that's probably invited error because the judge basically gave the instructions the defendant requested. Okay. So that takes care of the plain error or invited error. Then you make a motion after the verdict comes in, and you say there's insufficient proof of an element. And my answer to that was what I asked you at the beginning. You know, the ID looks like it belongs to a real person. It has a fingerprint that looks like a real person's fingerprint. It doesn't look fake or phony or something you'd make up on your kitchen table. And so if you look at it in the light most favorable to finding that element, you can find that element. Why isn't that the way to look at it? I think that gets us right back to Judge Bobbie's question at the beginning. Just because an ID looks good doesn't mean that someone who's given it by a smuggler actually knows it's real and belongs to a real person. I think that's just a critical difference is that there are lots of fake IDs out there that look real. That's the purpose. What good is it for these organizations to make these fake IDs to give to people when they're crossing over the border illegally if they're not going to pass muster at the first line of defense, which is the trained border patrol agent? So I think just because it looks good doesn't alleviate. Well, I think you're making a good argument that you could make to a jury. But on the other hand, if you're looking at it from the standpoint of could you possibly, is there any reasonable way that a finder of fact could find knowledge, you could rely on those things that I've just enumerated? Well, I think reasonably I just would have to disagree with that. I think that just because you could infer all those things is not automatically a finding that the defendant knew it was real. It's not a standard. It's actual knowledge standard. It's not a should have known or it's not a strict liability standard. I mean, there's lots of things an illegal alien should know that who's trying to cross into the border, and the first of it is there's a good chance you're going to get caught. And the government has computers and fingerprint scanners at the border now, and they can instantaneously determine your true identity and your criminal record in a matter of minutes. You're severely out of time, but I do want to ask one question. I, in terms of Judge Silverman's laying out his thought process, I have a slight difference there, which is I don't know why the judge had to, why the instruction wasn't right. The instruction wasn't in terms of the, in the exact words of the statute. If the statute means what you say it means, then the instruction was right, not wrong. That is true, but typically knowingly is defined elsewhere when we describe what jury means. Well, knowingly was described elsewhere in general as to what it means, and as to what it applies to, you're saying it's obvious from the statute I tend to agree with you, but that's exactly why the instruction's right. Well, that would, I think, go to the waiver issue. If there is an element here of knowledge and it's not unambiguous, then I think it's the district court's obligation in the first instance to define what the elements of a statute are, and that goes back to the United States Supreme Court authority. But he did that. If you read the statute the way you read the statute, then he did it. Well, I don't think he defined knowingly well enough to make it clear to the jury what knowingly meant. What should the judge have done? In this case, knowingly requires the government to prove that the defendant knew that the identity belonged to an actual person, just like each instance. Once he's repeated the statute, how could it possibly be wrong? Well, that's why we're here, I guess. It's not an argument. It's not an argument that the judge couldn't have made it clearer or they couldn't have done something else, but it's a bare bones. It's a bare bones. But how could, by definition, how could it possibly be wrong? Well, I think the first thing we have to ask, and I don't, I hope this doesn't come out the wrong way, but it was just Judge Lorenz actually aware of the conflict at the time, because during the jury instructions conference, he didn't say on the record that he was aware that there was a disputed line of cases. The only time it actually came up was after the jury was already deliberating. In some ways, he didn't, in front of the jury, he didn't resolve the question of the split between the Fourth and the D.C. Circuits. He just simply used the words of the statute and nobody objected to it. Nobody did object to it. But I think that's where this Court's role will come in. And there are statutes before that have been determined to be ambiguous, where jury instructions have been given just reciting the language of the statute that have been reversed. And if the Court would like, I'd be happy to go back. Well, for example, following up on what you're saying, in a murder case, it's not enough to say malice of forethought. You've got to tell the jury what malice of forethought means. Right. Yes, I agree with that. It seems jurors always think you have to have some evil motive to do that, and that's not what it actually means. A forethought doesn't can be a split second as well. It doesn't mean a planning situation. It's not sufficient just to read the statute. Yes, sir. Did the instruction define knowingly? I don't have that. But was there a separate instruction on knowingly? This is the pattern instruction, I believe. Okay. Thank you. Would the Court like my Rule 50 answer before I sit down? I think you have it. Okay. Because I have it. Which is that they're different. The wording is different. Yes. And then the history is different. The history is different, and the role of defense counsel is different, and that would be specified in a Second Circuit case. The government defense counsel doesn't have to give a road map to the government how to defeat a Rule 29 motion, whereas Rule 50 is different. Thank you very much, Your Honor. Thank you. Thank you. Did I reserve rebuttal? I don't think so. Okay. I'm sorry. It's been nice seeing you. Yeah. Okay. Thanks. Thank you. Good morning. Good morning. Kyle Hoffman for the United States. What I would like to do is take the bull by the horns and try to answer the Court's question on the order it submitted to us recently and say that, indeed, the defendant did waive his motion. Before you get to that, what about my concern that this really isn't the case to be worrying about that? Because waivers are concerned with the ability of the judge to make a decision about something and hear whether anybody raised it or not. He knew it, and he said he knew it, and he said he decided it. I agree with that, Judge Bresant. He did know it. And he didn't say he knew it at the time of the jury instruction conference, but he said later on, while the jury was deliberating first and then after the jury had returned its verdict, that during his consideration of the jury instruction. And during his consideration of the Rule 29 motions. Right. So he decided it. So what are we worrying about? Well, here – I'm not quite sure what Your Honor thinks the implication of that is. Well, the implication of it is that it couldn't have been – that a waiver – the reason we worry about waivers is because we want the district judge to have the opportunity to make the decision. Correct. He had the – he did. I mean, even though nobody gave him the opportunity, he did it. Here's how I would answer that question. So what's the problem? There were no hidden balls as far as he was concerned. Here's how I would answer the question, Judge Bison. There's opportunity and then there's opportunity. And what I mean by that is this. I've tried cases in front of Judge Lorenz for almost two years in total, two fraud cases that were – amounted to be that long. When counsel really pressed an issue, he ruled somewhat differently than when counsel didn't. So for the judge to consider it sort of back in his chambers by himself is a different thing. The problem then was to say the last time around that it had been waived and he wasn't going to listen to the argument when the argument was made. But – because I don't think – because he could instead – and it seems to me he should have said, oh, well, yes, I decided this question before. Now I'm going to listen to what you have to say about it. But this seems so artificial to start talking about waiver under circumstances where – Here's why I think Judge Lorenz was actually correct about this. Not only substantively in terms of construing the statute and charging the jury, but in terms of the waiver argument. I don't think that a Rule 29 under these circumstances is waived, under these particular circumstances. You don't think it's waived? I don't. But I don't think this is a Rule 29 motion. I think this is a Rule 30 motion. This is about jury instructions. Why? Because a number of reasons. One, the defendant's original motion when he made it, styled as Rule 29, back after the jury had returned his word, there is very little – in fact, there's nothing about what the evidence was. It's all about construing the statute, which is about how the court should charge the jury. But let's go back to what we were saying before. The instruction is in the words of the statute. That's correct. But I'm in kind of an unfortunate position where I think I disagree with what you, Judge Brisson, about that the instruction was correct, per se, just because it maps the language of the statute. I mean, I think there's a real dispute now between the circuits as to whether, as Mr. Rodney mentioned. I think I hear you saying you agree with my sagacious analysis of the – In so many words, yes. Okay. Now, what about – I'm not so sure about whether we can find that there was evidence of knowledge. I set off – I set out my thinking about why – I think there's a lot of evidence from which you could infer knowledge. And some of it has already been pointed out. Let me point out, there's the stipulation. It was a valid identification. It was used without authorization. There was no dispute that this was – about the identity of this person. The agents testified this was a real ID, not a counterfeit. That's in the record. At 92, for example, Supplemental Excerpts of Record 92. These – I determined right away they were imposters. What does that mean? They had taken somebody else's ID and posed as this other person. Counsel at opening argument, defense counsel. You'll see right away from the card that this is not – these pictures don't match up. This is not that person. What's the implication? He had taken somebody else's real ID and passed it off as his own. And then there was the card itself, Trial Exhibit 2, which was the ID which the jury could look at. Finally, just – this may show some sympathy with Freud. There's the Freudian admission of the defendant who says, I don't have any other ID. Why? Because I'm worried about somebody stealing it. Okay? Now, what I'm saying is that all of that evidence could be sufficient for a jury to find this person, this defendant, had to have known he was using a real ID – a real person's ID. So I agree, Judge Shulman, with your analysis that if you're deciding it on a sufficiency – But that's the fact that we know that this judge didn't think so. So we know, essentially, that if this judge had decided the Rule 29 motion, he would have granted it. I don't – I don't think I agree with Your Honor on that point. I think what he was saying about when he said waiver, I think what Judge Lorenz was saying was, I am treating this as a challenge to the jury instructions, and you've He said waiver a number of times. He didn't say it in the words I'm saying. I concede that. But he also said quite clearly, I don't think there was enough evidence. He waived it. That's what I understood him to say. Now, I haven't looked, combed through the record to hear to – with that particular question in mind. Did he say, if you were challenging the evidence, I would find there's insufficient evidence? I don't think he made that ruling, but I haven't combed through the record to – I think he said the parties just haven't addressed it. But I don't think he was – I don't think that was the challenge that he was – that he was faced with. I think he was treating it as a jury instructions question. Now, given that – And the judge said, now, the government proved that it was a real person. This is at the time of the second motion, I think. At least in their evidence, there was evidence of that. But there really wasn't evidence that I saw where the defendant knew that it was a real person. But I'm ruling that as waived because it wasn't waived. No, I would suggest that that comment is off the cuff and not given an opportunity for the government to basically say, here's the evidence that would show it's a real person, because they weren't joined on that issue. They really weren't joined on that issue. I agree that, obviously, Judge Lentz said what he said. But I don't think he – I don't think Judge – Ms. Tyrell, for instance, even having the opportunity to say, here's the evidence that would show it's a real person. And I think she very well could have in just the fashion that I've informed the court. So I don't think that the issue was joined on those grounds. I really think it was joined on the grounds of, what's the construction of the statute? How should the jury have been charged? What are the proper jury instructions? And I think that's why Judge Lorenz said it's waived, because he was considering it, even though it was styled as a Rule 29 motion, he was considering it a challenge to the evidence. Kagan. But you're agreeing that it was a proper Rule 29 motion. And what he really should have done is allow argument at that point. Well, I'm not sure. But you didn't. And whose fault is that? I'm not sure it was a proper Rule 29 motion, because I don't think there was really any – I don't think the defendant brought forward any argument about sufficiency of evidence. I looked at the motion, and there's some 366 and following, and really it's just – it's about how you construe the statute, and therefore how you charge the jury. It just wasn't joined on that ground. And, you know, there's a very good reason why it wasn't joined on that ground, because the defendant's story all along was, I was drunk and I showed up at the border. I had no idea I was at the border. I had no idea about this ID. I'd never seen it before, so to speak. It makes no sense for him later on to say, oh, that ID, I knew about it, but it could have been a real – I didn't know it was a real person. They're not directly logically contradictory, but there's something strategically wrong with that picture. And Mr. Schlein could very well have said, look, our story is he was drunk. He didn't know anything about any of this. Counsel, before you sit down, would you tell us what the government would like us to do with the construction of the statute, 1028A? Right. I suggest it's a jury instruction, plain error analysis, but if you go to the construction of the statute, I would suggest – I mean, the weight of the authority is clearly in favor of the way the court, Judge Lorenz, instructed the jury in this case without – you don't have to know it's a real person at this point. I think that makes the statute kind of ridiculous, because what do you have to know? You have to know that you used an ID when that's not the thrust of the statute at all. The whole concern of this enhancement is certainly the – in other words, you couldn't – I guess – and here's my question. Where would you cut off the knowingly? Would you cut it off at use and so on, or would you cut it off at use a real ID, or would you cut it off at real – where would you cut it off? Use an ID? Use a real ID? Knowingly use a means of identification of another person. That's what the statute says. Okay. But where would you cut off the knowingly? With the – just as I've said, knowingly use means of identification. Does knowingly modify use only, or does knowingly also modify? Well, there's some – there's some case law kind of bubbling around which says it actually has to knowingly modify up to a means of identification. That's what I'm trying to find out. Where would you – what is your interpretation? What I'm trying to say is that I would stop it before knowing it's a real person. And the reasons I'm – But that seems totally untenable. In other words, if you're going to get into the noun clause, then you can't cut the noun clause in half, and that's what you're trying to do. Well, look, in terms of natural readings – and this is just directly from the Supreme Court – the natural reading of a statute like this is to cut – is to cut it off with a verb. That's what they – that's what they said, and I believe it was the excitement being – And then they rejected it. Right, for other kinds – other kinds of reasons. I would suggest the other kinds of reasons in this case go the other way. Yeah, it doesn't really make any sense, though, if you just have knowingly possesses or uses. I don't know – I don't know what knowingly possesses or uses means. Well, knowingly possesses or uses a means of identification of a person. Right. You have to have a means – so you – but the knowing has to – it has to attach to something else. I mean, it has to – you have to have at least the means of identification. Right. And I – that's what I was trying to suggest. The question is, does the knowing have to go all the way through to the fact that this was, in fact, a real, a valid ID, as opposed to you knew that you were using an identification and it turns out that it was also a true identification? I think not, and I think construing the statute both as a matter of grammar and as a matter of policy is not ridiculous. I think that the notion of putting the burden on those people, even at the end of the supply chain, so to speak, that the risk is on them when they use somebody's – somebody's – an actual person's false ID is perfectly plausible. And given – I've looked at the legislative history – the emphasis on victims is something that Congress very well could have had in mind. We want to put the burden on the person who would use an actual person's ID, whether they know it's a real person's ID or not. I think it's very plausible, both grammatically and in terms of policy. I think, Judge Bybee, I think that's the point that you were raising with opposing counsel. I don't think there's anything ridiculous about that at all. Thank you, Mr. Rubin. Mr. Rubin, as you know, you've greatly exceeded your time. If you'd like to take one minute for rebuttal, you can keep it to a minute. Thank you very much, Your Honor. I think knowingly has to modify something more than using, because it's – we're talking about – What about the question of – just because you only have a minute – of whether you in fact raised a – an evidentiary challenge at the Rule 29 stage as opposed to a challenge to the instruction? Well, I think he styled it as a Rule 29 motion. He argued in his papers that there was no evidence of knowledge, so I think it was challenged in that – in that way. I think you can not waive – waive a jury instruction issue, address it as a Rule 29, and then it circles back to whether there was any other evidence to support the finding in making it harmless error. So I think there's a way around that. The one thing I wanted to point out was the government's argument that Mr. Schlein, the trial counsel, argued the defendant's testimony rather than addressing the Rule 29. He didn't know it was an actual person. I think that goes back to the role of the defense counsel at the trial. He's entitled to argue to the jury the defendant's testimony is credible and specify the reasons. He's only entitled to argue to the judge why as a matter of law the evidence is insufficient, and they're not inconsistent because those two arguments are addressed for different purposes and to different audiences. And I would thank the Court for allowing me extra time this morning. Thank you, Mr. Hartman. And you too, Mr. Hoffman. The case just argued is submitted. Good morning. Good morning. United States v. Fitzgerald is submitted on the briefs. The last case then to be argued is 0755062, Colano v. Metropolitan Life. Each side has 20 minutes.
judges: Silverman, Berzon, Bybee